# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FEENIX PAYMENT SYSTEMS, LLC,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 20-1519-MAK** |
| | : | |
| **STEEL CAPITAL MANAGEMENT, LLC,** *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**  May 28, 2021

Sealing or redacting business terms from pleadings requires showing particularized and present harm from disclosure. Parties seeking to protect their own view of confidential business goals by invoking the constitutional authority of federal courts must recognize the public trust placed in our judicial processes from a transparent deliberative process. We do not preclude public access to the facts underlying our Orders simply because businesspersons do not want their business hopes disclosed. Even when the businesspersons do not want the citizens to know their plans. But we need much more. We have spent many hours scrutinizing a Complaint with substantial redactions of information relating to a business plan and goals. The Plaintiffs do not identify the specific secret information. The Plaintiffs instead carefully word smithed its overarching goals and high-level strategies and then self-proclaimed those thoughts as trade secrets. They went so far as redacting what customers may view as benefits and information published in the trade press and on a website months ago. We today direct the Plaintiffs to file an amended Complaint lifting the seal on all but parts of paragraphs 40 and 49 of their Complaint which we will address after an evidentiary hearing.

The common law right of access to judicial proceedings and judicial records" is a right which our Court of Appeals holds is "'beyond dispute.'"[1] The burden of justifying the

confidentiality of each document sought to be covered by a protective order remains on the party seeking the order.[2] Right of access to judicial records is not absolute.[3]

We have "'supervisory power over [our] own records and files'" and may deny access "'where court files [may] become a vehicle for improper purposes.'"[4] Our court of appeals permits us to seal documents where justice requires.[5] Right of access 'promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court.'"[6] A "'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings."[7] Beyond evidence, the common law right of access includes all judicial records and documents, "transcripts, evidence, pleadings, and other materials submitted by litigants ...."[8]

We do not preclude public access absent particularized good cause. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."[9] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing.[10]

Judge Burke's oft-cited decision in *Mosaid Tech. Inc. v. LSI Corp.* is instructive.[11] Judge Burke in *Mosaid* explained, "terms that relate to pricing, valuation, monetary payments, and financial information should be protected."[12] Judge Burke warned against redaction of other terms, such as basic, foundational, and non-financial terms, particularly where the terms sought to be redacted address the "core of the parties' dispute, and the reason they have sought relief in this forum."[13] He further explained granting the application to prevent disclosure of reference to underlying agreements "would effectively convert itself into an arbitrational tribunal, where the presumption is that all materials will be kept confidential and not be disclosed to the public."[14]

On the other hand, "[d]ocuments containing trade secrets or other confidential business information may be protected from disclosure."[15] "Information in a document, report, brief, or transcript may hint at [trade secrets] without actually threatening any 'clearly defined and serious injury.'"[16] When redaction is deemed appropriate, "the proposed redactions should be as narrow as possible."[17] A document is not sealed in its entirety simply because it contains trade secrets or confidential information, rather, the protection sought must target the specific secrets and confidential information.[18] But we are mindful of the harm in lifting the seal on a trade secret if the proponent can show it is a trade secret.

We do not extend a seal to protect stale information from public disclosure absent a specific explanation of harm resulting from such disclosure.[19] "The rationale for protecting materials from disclosure is undermined when those materials contain information that is stale."[20] The presence of stale information weighs against finding a competitive disadvantage will be created by disclosure.[21]

We studied each allegation the Plaintiffs still wish to redact. We begin by observing Plaintiffs plead several facts which do not appear to be necessary to meet their Rule 8 obligations but are nevertheless redacted based on three arguments. They first argue their general high-level disclosures of training their professionals on "how" their business model works or the manner in which it couples its venture initiatives with payor-processing activities, including the nature of the benefit to their investors, is somehow a trade secret unknown to the marketplace. They also argue material on the Defendants' website or in the trade press is somehow confidential but ignore the present public disclosure of this material. They also redact a variety of general descriptions of their goals and aspirations but do not plead specifics describing their efforts.

***We must lift the seal on high level non-specific strategies not identified as trade secrets.***

Plaintiffs redact high-level characterizations of the business knowledge taught by Feenix including a series of "how to" allegations without identifying the methods or processes allegedly covered by these general descriptions.[22] We would face a different issue if Plaintiffs plead the specifics of their model. They instead plead they teach their employees "how to" take unplead steps. We would expect almost all employers teach their agents "how to" perform necessary acts which may be unique to the employer. Those necessary acts may be entitled to protection but not allegations of general training.

The Plaintiffs plead the "trade secrets" in paragraphs 40 and 49 as including a publicly disclosed strategy for coupling growth capital investments and payment processing services. Plaintiffs withdrew the seal on this "coupling" allegation after recognizing its public disclosure.

Plaintiffs redact this material from a judicial document without overcoming the thumb on the scale in the favor of openness with a strong presumption of public access under the common law right of access.[23] These high level aspirational and largely unnecessary (for purposes of Rule 8) allegations cannot be sealed.

***We lift the seal on publicly disclosed information.***

. Plaintiffs discount the public disclosures of several redacted allegations including on the Defendants' website. Plaintiffs redact data from the <u>Defendants´</u> website.[24] They redact because further disclosure may create harm. We cannot follow this argument. The information is already published. No court has enjoined its publication. The Defendants' website does not identify their strategies as being derived from the Plaintiffs. The Plaintiffs never moved to enjoin or remove the Defendants' website disclosures. If anything, the Defendants are willing to disclose their processes on their website. Nothing on the Defendants' website identifies their processes as

being the Plaintiffs' trade secrets. Plaintiffs cannot redact material copied from websites freely available for many months.

Plaintiffs also redact material already fully described in an article entitled "Who Are the Major Revenue-Based Investing VCs?" published on techcrunch.com describing coupling payment processing services by each of its portfolio companies. The trade press describes these fees "create a 'win-win' partnership for investors as credit card processing data provides the investor with real-time sales transparency and the investor high current income, with equity-like upside and significant recovery for downside protection portfolio companies are able to access competitive and often non-dilutive financing by monetizing expenses being paid to its current processors, thus yielding a mutual benefit for both parties." https://techcrunch.com/2019/08/19/who-are-the-major-revenue-based-investing-vcs/ (last updated May 25, 2021).

Despite this public disclosure, Plaintiffs redact the same facts. For example, Plaintiffs redact an allegation of their interests "uniquely aligned with the incentives of its portfolio companies, because money earned through Feenix's payment-processing fees scales with the portfolio companies' growth" and "The fees that Feenix receives from these contracts create a steady stream of revenue for investors in Feenix's funds, in addition to equity-like upside if the portfolio company grows."[25] Plaintiffs claim this article is derived from information improperly given to the author. Maybe so. We will find out. But it is public and there is no basis now to preclude public access as a secret.

*We lift the seal on Plaintiffs' perceptions of their customers' preferences or parlance.*

Plaintiffs also describe how their strategy affects their customers. We cannot see how allegations as to customers' reactions can be a trade secret precluding public access. Plaintiffs'

5

high-level aspirations or business goals, customer reactions, publicly disclosed aspirations and strategies are not entitled to be precluded from public access.

Plaintiffs also redact the nature of their customer's liquidation events. They redact a definition of liquidation event.[26] These allegations could not be Plaintiffs' trade secrets.

### *We do not lift the seal on most of paragraphs 40 and 49 where Plaintiffs define their trade secrets in general terms subject to an evidentiary hearing.*

In addition to pleading the coupling thoughts, the Plaintiffs continue further in paragraphs 40 and 49 with general descriptions of trade secrets. We decline at this stage to lift the seal on the remaining allegations of paragraph 40 and 49 subject to an evidentiary hearing where we can evaluate the credibility of witnesses describing, in a sealed proceeding the reasons why these general descriptions in paragraphs 40 and 49 should be precluded from public access. We are mindful of the risk in disclosure and prefer, at this stage, to hold on lifting the seal on the only allegations where the Plaintiffs specifically identify something (albeit general) as a trade secret.

---

[1] *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir.1988)); *see also In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 924 F.3d 662, 675 (3d. Cir. 2019).

[2] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied*, 484 U.S. 976 (1987).

[3] *LEAP Sys., Inc.*, 638 F.3d at 221 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

[4] *Id.* (quoting *Nixon*, 435 U.S. at 598).

[5] *Id.*

[6] *Id.* at 220 (quoting *Littlejohn*, 851 F.2d at 677-78).

[7] *Id.* (citing *Publicker v. Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984)).

[8] *United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984) (citation and quotations omitted).

[9] *Publicker,* 733 F.2d at 1071 (internal citations omitted).

[10] *Cipollone*, 785 F.2d at 1121.

[11] *Mosaid Tech., Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 511 (D. Del. 2012).

[12] *Id.*

[13] *Id.*

[14] *Id.* at 512.

[15] *Leucadia v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

[16] *Insight Equity AP X LP v. Transitions Optical, Inc.*, No. 10-635, 2016 WL 7477751, at *1 (D. Del. Dec. 29, 2016).

[17] *Id.*

[18] *See id.*

[19] *Id.* ("Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding."); s*ee also Zavala v. Wal-Mart Corp.*, No. 03-5309, 2007 WL 2688934, at *10 (D.N.J. Sept. 12, 2007) (finding materials dating back to more than three years ago were not subject to seal as such stale information was "unlikely to harm any 'future negotiations'" or give the defendants' competitors a future competitive advantage").

[20] *Faulman v. Sec. Mut. Fin. Life Ins. Co.*, No. 04-0583, 2006 WL 1541059, at *3 (D.N.J. Jun. 2, 2006).

[21] *Koch v. Greenberg*, No. 07-9600, 2012 WL 1449186, at *4 (S.D.N.Y. Apr. 13, 2012).

[22] ECF Doc. No. 2, ¶ 31.

[23] *In re Avandia Mktg.*, 924 F.3d at 670.

[24] ECF Doc. No. 2, ¶¶ 32, 33, 34, 35

[25] *Id.*, ¶¶ 21, 22.

[26] *Id.*, ¶ 23.