## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FEENIX PAYMENT SYSTEMS, LLC, and FEENIX VENTURE PARTNERS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 20-cv-01519-MAK |
| STEEL CAPITAL MANAGEMENT, LLC, STEEL PAYMENTS, LLC, MICHAEL HOFFMAN, and MARC SEHGAL, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL**

## INTRODUCTION

Plaintiffs Feenix Payment Systems, LLC and Feenix Venture Partners, LLC ("Feenix" or "Plaintiffs") complied with this Court's Order of July 9, 2021 (ECF Doc. No. 112, the "Order") and served a supplemental response to Defendants' Interrogatory No. 2 on July 13, 2021. The Order required Defendants, Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal ("Defendants") to immediately review this produced information and fulsomely respond to outstanding discovery requests upon them including identifying and producing its internal communications and documents no later than July 16, 2021. Defendants have produced nearly no relevant internal communications. Pursuant to Fed. R. Civ. P. 34 and 37, Feenix respectfully seeks an order compelling Defendants to do so.

## BACKGROUND AND ARGUMENT

Plaintiffs served a set of twenty Requests for Production on Defendants on February 23, 2021 and have not burdened Defendants with further discovery requests while awaiting production. These targeted requests were intended to uncover matters at the heart of this action – whether Defendants improperly used Feenix's confidential information (including any of Feenix's trade secrets) in forming their competing business, Steel Capital, and whether Mr. Sehgal and Mr. Hoffman solicited or engaged one another to form Steel Capital in contravention of their contractual obligations. These requests asked for items such as documents and communications relating to the formation and launch of Steel Capital, Steel Capital's business plan, product development goals and timelines, market strategy, market analysis, organizational structure, and portfolio company investments. Ex. A. In response, Defendants have repeatedly refused to produce relevant communications and have agreed to produce only a very limited subset of documents that are intended to be uninformative.

The parties could not reach an agreement regarding the scope of Defendants' production obligations while awaiting resolution of Defendants' motion for judgment on the pleadings, as Defendants contended that they were not obligated to produce documents relevant to claims that might be dismissed. ECF Doc. No. 59. This Court ruled on May 27, 2021, dismissing one of Feenix's claims but denying Defendants' motion on the remainder. ECF Doc. No. 79. Unable to use the motion for judgment on the pleadings to delay production of obviously relevant documents and communications, Defendants then turned to alleged deficiencies in Feenix's Interrogatory No. 2 as a reason to delay production.

This Court issued the Order on July 9, 2021, requiring that Plaintiffs supplement their response to Interrogatory No. 2 on or before July 13, 2021 and requiring that Defendants immediately review this produced information and fulsomely respond to outstanding discovery requests upon them including identifying and producing its internal communications and documents no later than July 16, 2021.

Plaintiffs complied with the requirements of the Order by serving a supplemental response to Interrogatory No.2 and producing additional documents on July 13, 2021. Defendants produced additional documents on July 16, 2021, and have claimed that these documents constituted a fulsome production.

In addition to containing obviously irrelevant documents included for purposes of burdening Plaintiffs and/or padding the number of documents produced by Defendants, such as fantasy football invitations, these documents contain only 223 total emails from 2020 and 2021. There are only 59 total emails sent from Marc Sehgal or Michael Hoffman to the other. None address the formation and launch of Steel Capital. Defendants' earlier production included nearly 4,000 text messages between Marc Sehgal and/or Michael Hoffman and other Feenix members

from 2018 and 2019, but no text messages from 2020, the year Mr. Sehgal and Mr. Hoffman left Feenix and founded Steel Capital. Defendants obviously have relevant communications from this most important time period that they are refusing to produce, even after the Court has ordered their production.

Feenix has complied with this Court's Order and is entitled to discovery as the party bearing the burden of proof. Defendants must also comply with the Court's requirements.

### CONCLUSION

Feenix respectfully submits, for the forgoing reasons, that the Court should compel Defendants to produce all documents, including internal communications, responsive to Plaintiffs' requests for production.

| Of Counsel: | /s/ Thomas A. Uebler |
|---|---|
| | Thomas A. Uebler (#5074) |
| Edward Normand | Joseph L. Christensen (#5146) |
| Kyle W. Roche | Hayley M. Lenahan (#6174) |
| Warren Li | MCCOLLOM D'EMILIO SMITH |
| ROCHE CYRULNIK FREEDMAN LLP | UEBLER LLC |
| 99 Park Street, Suite 1910 | 2751 Centerville Road, Suite 401 |
| New York, New York 10016 | Wilmington, DE 19808 |
| (646) 791-6881 | (302) 468-5960 |
| | tuebler@mdsulaw.com |
| | jchristensen@mdsulaw.com |
| | hlenahan@mdsulaw.com |
| | |
| | *Attorneys for Plaintiffs* |

DATED: July 23, 2021