# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| FEENIX PAYMENT SYSTEMS, LLC and FEENIX VENTURE PARTNERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STEEL CAPITAL MANAGEMENT, LLC, STEEL PAYMENTS, LLC, MICHAEL HOFFMAN, and MARC SEHGAL, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 2020-1519-MAK ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION TO COMPEL

OF COUNSEL:

Ryan M. Philp (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
(212) 918 3000
ryan.philp@hoganlovells.com

Samuel W. Yergin (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610 6100
samuel.yergin@hoganlovells.com

Dated: July 23, 2021

Ryan P. Newell (#4744)
Peter J. Artese (#6531)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571 6600
rnewell@ycst.com
partese@ycst.com

*Attorneys for Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal*

28395531.4

On June 9, 2021, Feenix[1] proposed – and the Steel Parties[2] agreed – to a July 7 deadline for substantial completion of document production.[3]  Two days later at the parties' first hearing before this Court, the Court questioned why Feenix had not pressed discovery (particularly since the prior substantial completion deadline had passed without a single document being produced). Since that hearing, Feenix has failed to meet that July 7 deadline, repeatedly delayed the parties' meet-and-confer discussions, and failed to make a "fulsome" document production even though it requested the Court to require the same of the Steel Defendants.  As set forth in this second motion to compel, Feenix is stalling and refusing to produce discovery because it cannot substantiate its claims. Indeed, in total, Feenix has produced a mere 21 emails, and no text messages, solely from the files of its co-founder, Keith Lee, despite their agreement that documents must be produced from the files of 19 custodians.  None of the emails reflect, for example, Feenix's communications with (1) actual or prospective investors that Feenix *admits* were not subject to confidentiality agreements, (2) Feenix's departed members or (3) the numerous third-parties with whom Feenix admits it has discussed the Steel Parties' and their business model.[4]  As set forth herein, this is just the tip of the iceberg in terms of the manifest deficiencies in Feenix's paltry production to date.

Feenix's delay must end.  It should be ordered likewise to make a "fulsome" production, even as the parties continue negotiating search terms.  Moreover, putting aside that Feenix's amended response to Interrogatory No. 2 (the "Amended Response") purporting to identify its trade secrets remains deficient in the Steel Parties' view, Feenix has taken the extraordinary step

---

[1] "Feenix" or "Plaintiffs" are defined as Plaintiffs Feenix Payment Systems, LLC and Feenix Venture Partners, LLC.
[2] The "Steel Parties" or "Defendants" are defined as Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal.
[3] D.I. 89 at 2, 4.
[4] Feenix also has failed to produce basic documents like the confidentiality agreements with the "over 300 potential portfolio companies" referenced in its Complaint.  D.I. 2 at ¶ 25.

28395531.4

of designating its entire response Highly Confidential-Attorneys' Eyes Only, thus precluding the Steel Parties from debunking the trade secrets they are alleged to have misappropriated. This is highly prejudicial and improper, particularly because Feenix's Amended Response remains comprised of vague generalities that do not merit confidential treatment and, in fact, do not even merit filing under seal.

Accordingly, the Steel Parties have no choice but to seek the Court's intervention.

## BACKGROUND

### A.   Feenix has not made a substantial or fulsome production.

On June 9, the parties agreed to a July 7 substantial completion deadline.[5] The next day, the Steel Parties proposed that on June 16, each side identify their (1) custodians whose documents would be collected, (2) other sources for collection (*e.g.*, network files), and (3) search terms that would be applied to the documents collected from the foregoing collections.[6] The Steel Parties proposed that these protocols would be included within a protocol for the production of electronically stored information (the "ESI Protocol").[7] In turn, each side would comment upon the other's search protocol.[8] The parties agreed to provide counter-proposals on June 18.[9]

On June 16, the Steel Parties provided their proposed protocol to be applied to its sources of information (the "Steel Parties' Search Protocol").[10] Feenix, too, provided its proposal (the "Feenix Search Protocol").[11] Feenix's proposal was offensively deficient. The Steel Parties

---

[5]   D.I. 89.
[6]   Ex. 1.
[7]   Ex. 1.
[8]   Ex. 1.
[9]   Ex. 2.
[10]  Ex. 2.
[11]  Ex. 3 (2021.6.16 Email from W. Li). The Steel Parties have filed a motion for leave seeking an order permitting this and certain other exhibits to this motion to be filed provisionally under

committed to searching both business and personal sources of information for the two individuals associated with the business and proposed 27 broad search terms.[12]  Feenix, however, incredibly proposed searching only the business files (and no personal sources) for one custodian, Mr. Lee.[13]

In pressing Feenix to respond to the Steel Parties' Search Protocol, on June 17, Feenix deflected claiming "we think it makes sense to try to reach agreement on the scope of production before exchanging edits to the search terms to avoid iterating without a view of the goalposts.  We are free to meet and confer early next week."[14]  The Steel Parties honored the prior agreement and, on June 18, provided a counterproposal (the "Revised Feenix Search Protocol") that addressed the many deficiencies in the Feenix Search Protocol.[15]

That next week and the balance of June came and went without Feenix (a) committing to run the Revised Feenix Search Protocol or (b) providing comments to the Steel Parties' Search Protocol.[16]  Nonetheless, mindful of the July 7 substantial completion deadline, the Steel Parties proposed a draft of the ESI Protocol on June 29.[17]  On July 1, Feenix ended its nearly two week slumber and proposed edits to the Steel Parties' Search Protocol.[18]  Despite less than a week's time

---

seal.  Should the motion for leave be granted, the Steel Parties will file the following exhibits under seal: Exs. 3-6, 8, 9, 16, and 17.  As of now, the Steel Parties have not attached the foregoing exhibits to this motion.

[12]   Ex. 2.
[13]   Ex. 3 (2021.6.16 email from W. Li).
[14]   Ex. 4 (2021.6.17 email from W. Li with letter attachment).
[15]   Ex. 5 (2021.6.18 email from Newell without attachment). Notably, the Steel Parties proposed that Feenix search both personal and work sources as they know from experience that Feenix employees use personal sources for business.  Indeed, the Steel Parties have produced 3,952 text messages among Messrs. Sehgal, Hoffman, and Lee.  They also identified additional current and former members who clearly possess relevant information.  And on top of more thorough search terms, they also proposed numerous non-custodial sources that Feenix neglected to identify.
[16]   Ex. 6 (2021.6.25 letter from Newell).
[17]   Ex. 7.
[18]   Ex. 8 (2021.7.1 email from Li).

to complete substantial completion from the date that Feenix finally provided comments, on July 2, the Steel Parties committed to meeting the July 7 deadline.[19]  Feenix likewise committed[20] (or so it seemed) and provided comments to the ESI Protocol.[21]

Yet, despite its pattern of delay, in opposition to the Steel Parties' motion to compel, on July 6, Feenix "argued" in opposition that the Steel Parties had refused to produce relevant documents and communications.[22]  On July 9, the Steel Parties were ordered to "fulsomely . . . produc[e] its internal communications and documents" by July 16.[23]  Feenix's opposition implied that it had made a fulsome production itself, when, in fact, it had not.  Thus, the Steel Parties emailed Feenix on July 11, demanding that Feenix too make a fulsome production in accordance with the Court's order.[24]  As Feenix acknowledges, the Steel Parties complied and made a fulsome production.[25]  As set forth below, Feenix has not and, indeed, repeatedly has refused to do so.

On July 16, Feenix for the first time provided its redlined response to the Revised Feenix Search Protocol.[26]  In that response which took Feenix nearly a month to provide, Feenix agreed to collect from 19 custodians, but refused to search for responsive documents from personal devices and has refused to search various non-custodial repositories.[27]  Presently, Feenix is

---

[19]   Ex. 9 (2021.7.21 email from Li)
[20]   Ex. 9 (2021.7.21 email from Li).
[21]   Ex. 10.  On July 11, the Steel Parties accepted these edits.  Ex. 11.  Nonetheless, Feenix has yet to produce documents in the manner agreed upon in the ESI Protocol.  Ex. 11 at 2; Ex. 12.
[22]   D.I. 103 at 2.
[23]   D.I. 112.
[24]   Ex. 11.
[25]   Ex. 15 (noting that Feenix was "heartened" by the production).
[26]   Ex. 13.
[27]   Ex. 13.

claiming that the search terms in the Revised Feenix Search Protocol – despite having them for more than a month and demanding $35 million from the Steel Parties – are unduly burdensome.[28]

Far from fulsome, Feenix's two productions consist of: (1) documents from one of its 19 custodians – namely, Mr. Lee alone, (2) 21 emails carefully selected to support Feenix's claims, and (3) not a single text message.[29] Nor has Feenix produced a single email between Mr. Lee and any actual or prospective investors, including any with investors that Feenix has admitted refused to sign non-disclosure agreements.[30] More fundamentally, it has not produced any documents responsive to critical requests, including those seeking documents and communications concerning: third parties with access to Feenix's "confidential information," the departure of other members, the negotiation of its operating agreement, the Steel Parties, and damages.[31]

### B. Feenix has over-designated the Amended Response.

On July 14, 2021, Feenix served its Amended Response,[32] which was the subject of a motion to compel.[33] In its motion, the Steel Parties argued that they were "entitled to be put on notice of what they have allegedly done . . . ."[34] The Court granted the motion.[35] Yet, instead of putting the Steel Parties on notice, Feenix has designated *the entirety* of its Amended Response as

---

[28] Ex. 15.
[29] Ex. 11.
[30] Ex. 14 (citing Amended Response).
[31] Ex. 16 (Feenix's responses and objections to requests for production) at Nos. 4, 28, 35, 44-51, 54, 56-59.
[32] Pursuant to its motion for leave to file under seal filed earlier today, the Steel Parties have refrained from attaching the Amended Response until the Court rules upon the motion for leave.
[33] D.I. 103.
[34] D.I. 103 at 4. In making that argument, the Steel Parties cited this Court's order at D.I. 99 which held that "a plaintiff must identify a trade secret with sufficient particularity so as to provide notice to a defendant of what he is accused of misappropriating and for a court to determine whether misappropriation has or is threatened to occur." *See* D.I. 99 at ¶ 26 (citing *Lithero, LLC v. AstraZeneca Pharmaceuticals LP*, 2020 WL 4699041, at *1 (D. Del. Aug. 13, 2020)).
[35] D.I. 112.

"Highly Confidential – AEO," which means that it cannot be shared with the Steel Parties, only their outside counsel.[36] Not only does it not merit Attorneys' Eyes Only Treatment, Feenix's Amended Response is comprised of generalities and other information that does not merit sealing.

## ARGUMENT

Feenix must be compelled to immediately produce the documents it has agreed to produce from the custodians it has agreed to collect from.[37] Feenix picked this fight and seeks $35 million, and the Court has set a brisk schedule calling for discovery completion (including experts) in November and a trial in January 2022. Throwing stones from a glass house, Feenix challenged the adequacy of the Steel Parties' production in opposition to the Steel Parties' motion to compel, yet has since refused to timely supplement its paltry production, hiding behind transparent delay tactics. This is prejudicial. The Steel Parties remain willing to meet and confer about search terms (as well as other issues such as Feenix's violation of the ESI Protocol), but Feenix must be ordered to produce documents it should have produced weeks ago in the interim.

Feenix also has impermissibly designated all nineteen pages of its Amended Response as "Highly Confidential – AEO".[38] Information qualifying for this treatment is very narrow.[39]

---

[36] D.I. 33 at ¶¶ 1(c), 6. When taken to task for its prejudicial over-designation, Feenix aggressively declined to consider a reduced designation. Ex. 15.

[37] *See* Ex. 16 (Feenix's responses and objections to requests for production).

[38] Ex. 17 (the Amended Responses). Feenix has also seemingly designated every single document it has produced to date as "Highly Confidential - AEO, which likely will be the subject of another motion if Feenix does not become reasonable during upcoming meet-and-confers. Because Feenix has violated the ESI Protocol by failing, *inter alia*, to produce confidentiality metadata, the Steel Parties' counsel cannot readily determine what, if any, documents are "Confidential" and capable of being shared with their clients.

[39] D.I. 33 at ¶ 1(c) (limited to that which a "Party believes in good faith is of such a private, sensitive, competitive or proprietary nature that present disclosure . . . would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of" the Party). It is untenable to suggest that irreparable or other material harm would

Previously, the Court stripped Feenix's overbroad redactions from its public filings because it did not "identif[y] confidential financial information, metrics, customer pricing information, market share data, calculations to determine profitability, customer lists, marketing and pricing strategy, production costs, performance reports or even a strategic marketing plan identifying their markets, profit budgeting information, or pricing and costs documents."[40] Assuming for argument's sake that the Amended Response generally describes the foregoing, it still falls well short of "identifying" such information. Even if such information could be withheld from public access, which is dubious in itself, it certainly cannot be withheld from a party. The Steel Parties are entitled to what they have been accused of misappropriating so they can mount a defense.[41]

## CONCLUSION

Plaintiffs should be compelled within five days of an order to (1) substantially complete the production of responsive documents and communications from its agreed-upon custodians, including any such documents and communications Mr. Lee's personal and work devices and (2) produce its Amended Response re-designated in its entirety as "Confidential" so that it can be shared with the Steel Parties or, at minimum, in a form that is narrowly redacted to protect what is "Highly Confidential."

---

result if the Steel Parties were permitted to review this information – particularly since Messrs. Sehgal and Hoffman previously worked at Feenix and allegedly have stolen such information.
[40]   D.I. 99 at ¶ 43.
[41]   If anything is truly "Highly Confidential," then Feenix must narrowly redact. Otherwise, the entirety of the responses must be re-designated as "confidential" so that the Steel Parties can review the Amended Response.

| | |
|---|---|
| DATED: July 23, 2021 | Respectfully submitted, |

*/s/ Ryan P. Newell*
Ryan P. Newell (#4744)
Peter J. Artese (#6531)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571 6600
rnewell@ycst.com
partese@ycst.com

OF COUNSEL:

Ryan M. Philp (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
(212) 918 3000
ryan.philp@hoganlovells.com

Samuel W. Yergin (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610 6100
samuel.yergin@hoganlovells.com

*Attorneys for Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal*
