# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEENIX PAYMENT SYSTEMS, LLC and FEENIX VENTURE PARTNERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STEEL CAPITAL MANAGEMENT, LLC, STEEL PAYMENTS, LLC, MICHAEL HOFFMAN, and MARC SEHGAL, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 2020-1519-MAK ) ) ) ) ) ) ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

OF COUNSEL:

Ryan M. Philp (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
(212) 918 3000
ryan.philp@hoganlovells.com

Samuel W. Yergin (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610 6100
samuel.yergin@hoganlovells.com

Dated: July 26, 2021

Ryan P. Newell (#4744)
Peter J. Artese (#6531)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571 6600
rnewell@ycst.com
partese@ycst.com

*Attorneys for Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal*

Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman and Marc Sehgal (the "Steel Parties") respectfully submit this Opposition to Plaintiffs Feenix Payment Systems, LLC's and Feenix Venture Partners, LLC's ("Feenix") Motion to Compel (the "Motion").[1]  For the following reasons, Feenix's Motion must be denied.

## BACKGROUND AND ARGUMENT

Feenix's Motion is nothing more than a smoke screen intended to mask its own discovery deficiencies.  Indeed, Feenix first told the Steel Parties it intended to move hours after receiving notice from the Steel Parties' counsel that they were moving to compel.  Contrary to its purpose, Feenix's Motion only serves to shine a spotlight on Feenix's own dilatory discovery tactics and pervasive gamesmanship.  As set forth in the Steels Parties' most recent motion to compel,[2] at each step, Feenix has frustrated discovery in this matter while casting stones from a glass house.

Feenix complains, for example, that the Steel Parties only produced 223 emails from 2020 and 2021, while ignoring that the Steel Parties have actually produced over 800 emails.[3]  In contrast, Feenix has only produced 21 emails *in total*.  Tellingly, these 21 emails are carefully curated to support its claims from the files of Keith Lee, the only custodian Feenix has produced documents from thus far.  Feenix also complains that the Steel Parties have not produced documents addressing the formation and launch of the Steel Parties' business.  But Feenix conveniently ignores that the Steel Parties have produced documents in their possession reflecting the Steel Parties' organization, formation and launch of their business.  And Feenix further complains about the Steel Parties production of nearly 4,000 text messages without acknowledging that Feenix has failed to produce a *single* text message.

---

[1] D.I. 119.
[2] D.I. 120.
[3] Motion at 2.

These comparisons are telling. In fact, they demonstrate exactly why the Steel Parties' Motion to Compel (D.I. 120) must be granted. The Steel Parties collected and produced thousands of responsive documents from their two sole custodians. The Steel Parties' efforts and production dwarfs Feenix's production, despite Feenix's agreement to produce documents from 19 custodians in addition to Mr. Lee.

But numbers alone do not tell the whole story. Following the Court's July 9 Order requiring Feenix and the Steel Parties to make a fulsome production,[4] the Steel Parties searched for and produced documents regarding the alleged trade secrets identified in Feenix's Amended Response to Interrogatory No. 2 (the "Amended Response"). Notwithstanding that the Amended Response continues to parade the same generalities and publicly available information that are insufficient to constitute any trade secrets, the Steel Parties reviewed the Amended Response and made a supplemental production that further confirms that the Steel Parties business model, organization, contracts and investment targets, among other things, were independently derived. Specifically, the Steel Parties searched for and produced documents regarding:

- The Steel Parties Investment Advisory Agreements;
- The Steel Parties Merchant Services Agreements;
- The Steel Parties Fee-Sharing Agreements and Exclusivity Agreements;
- Models, including deal return models, merchant processing data, and loan schedules;
- Due diligence materials, including questionnaires, models, memorandums and checklists;
- Investment documents, including term sheets, loan and security agreements;
- Operating Agreements and organizational documents reflecting the launch and information of the Steel Parties' business;

---

[4] D.I. 112.

2

- Communications between the Steel Parties and any of Feenix's portfolio companies; and
- Any Feenix documents that were still in the possession of the Steel Parties.

That Feenix now cries foul at the Steel Parties' production makes complete sense when viewed in light of the contents of the Steel Parties' document productions -- the documents produced fail to substantiate Feenix's surviving claims against the Steel Parties.

Finally, Feenix's criticism that it received personal communications ignores the Steel Parties approach, which was to produce every single communication in their possession sent to or received from Feenix's server such that Feenix may identify what information was and was not in the Steel Parties possession.[5]  Thus, while Feenix's criticisms of the volume of the Steel Parties production amply demonstrate that Feenix's own production is woefully incomplete, the volume (and contents) of the Steel Parties' production also demonstrates that they are not using, and have not used, the very items that Feenix says are its trade secrets and confidential information.

## **CONCLUSION**

Accordingly, while the Steel Parties remain willing to further meet and confer with Feenix regarding any supposed gaps in their production, the Court should deny Feenix's Motion. Most importantly, Feenix's Motion should be viewed for what it is, a distraction as to its own production failures.  Feenix – not the Steel Parties – must be ordered, once more, to make a fulsome production.  The Steel Parties respectfully request this Court deny Feenix's Motion.

---

[5] As part of this approach, the Steel Parties employed a walled-off review team to review all Feenix documents in the possession of the Steel Parties sent to or received during the time Messrs. Hoffman and Sehgal were still employed by Feenix to ensure privileged information was not reviewed by the litigation team.  Feenix, on the other hand, has not produced any documents even from the files of Messrs. Hoffman and Seghal from its server, and must do so, so that the Steel Parties' counsel can review non-privileged documents.

3

DATED:      July 26, 2021                    Respectfully submitted,


                                                          /s/ Ryan P. Newell
Ryan P. Newell (#4744)
Peter J. Artese (#6531)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571 6600
rnewell@ycst.com
partese@ycst.com

OF COUNSEL:

Ryan M. Philp (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
(212) 918 3000
ryan.philp@hoganlovells.com

Samuel W. Yergin (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610 6100
samuel.yergin@hoganlovells.com

*Attorneys for Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal*