# EXHIBIT 2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:




The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## TO SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM*

### Definitions and Instructions

1.      The "Action" means the litigation pending in the United States District Court for the District of Delaware, captioned *Feenix Payment Systems, LLC, et al. v. Steel Capital Management, LLC, et al.*, 2020-01519-MAK (D. Del.).

2.      "Feenix" means Feenix Payment Systems, LLC, Feenix Venture Partners, LLC, and any agents, attorneys, representatives, and all other persons acting on its behalf.

3.      "Lee" means Keith Lee and any agents, attorneys, representatives, and all other persons acting on his behalf.

4.       "SCM" means Steel Capital Management, LLC, Steel Payments, LLC and its employees, members, managers, representatives, and all other persons acting on its behalf, including Michael Hoffman and Marc Sehgal.

5.      "You," or "Your," or "Hill Country" means Hill Country Hospitality, LLC, including its representatives, partners, employees, officers, agents, shareholders, subsidiaries, affiliates, related entities, or anyone else acting on its or their behalf.

6.      The "Subpoena" means and refers to the Subpoena *Ad Testificandum* and *Duces Tecum* served on Hill Country in connection with this action dated August 6, 2021.

7.      "Concerning" means referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing or constituting.

8.      "Communications" includes written documents, oral conversations, conversations by telephone, electronic communications (including e-mail), meetings and any other exchange of information in any form.

28454360.1

9.      "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the requested documents or electronically stored information, whether preliminary, proposed, or final versions, including without limitation books, papers, writings, drawings, graphs, charts, photographs, sound recordings, images, electronic documents, e-mail, and other data or data compilations from which information can be obtained, either directly or, if necessary, after conversion by the responding party into a reasonably useful form. The term "electronically stored information" shall be afforded the broadest possible definition and shall include (by way of example and not as an exclusive list) any information stored electronically, magnetically or optically, including (by way of example and not as an exclusive list): (i) digital communications (e.g., e-mail, voicemail, instant messaging); (ii) word processed documents; (iii) spreadsheets and tables; (iv) accounting application data; (v) image and facsimile files (e.g., .pdf, .tiff, .jpg, .gif images); (vi) sound recording (e.g., .wav and .mp3 flies); (vii) video and animation (e.g., .avi and .mov files); (viii) databases; (ix) contact and relationship management data; and (x) calendar and diary application data.

10.      The singular includes the plural and vice versa; the word "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation"; the word "he" or any other masculine pronoun includes any individual regardless of gender.

11.      "Person" means any individual, corporation, unincorporated association, partnership, lending institution, bank, joint venture, or any other entity, or any government

authority, department, or agency.

12.     The time period of this request, unless otherwise noted, is January 1, 2017 to the present.

## **TOPICS FOR TESTIMONY**

1.     All Communications between You and Feenix and/or Lee regarding SCM and/or Michael Hoffman or Marc Sehgal from January 1, 2019 to present.

2.     Your knowledge of Feenix's business practices, including its business model and strategy, its structuring of its business and contracts, its strategy in employing financing terms with its portfolio companies, its marketing materials, its return, risk-tracking, performance tracking and pricing models, its customer base and portfolio companies, its payment processing services, and its growth capital investment strategy.

3.     Your access and use of confidential information in connection with any contemplated or actual transaction, loan, investment or agreement to provide payment processing services between You, on the one hand, and Feenix, on the other.

4.     Feenix's identification or delivery of information or materials deemed confidential, proprietary or trade secrets in connection with any contemplated or actual transaction, loan, investment, or agreement to provide payment processing services between You, on the one hand, and Feenix, on the other.

5.     Any restrictions imposed on You by Feenix Concerning Your ability to use Feenix's confidential information or any applicable agreement(s) between You and Feenix, regarding your use, non-disclosure, access, or dissemination of Feenix's confidential information.

6.      Any efforts undertaken by Feenix to prevent You from disclosing any information You received from Feenix, including, but not limited to, any written agreement(s) between You and Feenix, in connection with any contemplated or actual transaction, investment, or agreement to provide payment processing services between You, on the one hand, and Feenix, on the other.

7.      Your knowledge of the methodologies employed by Feenix in determining whether to provide a loan, investment or agreement to provide payment processing services, including Feenix's underwriting strategy, portfolio company valuation, deal return modeling, risk monitoring, and whether these methodologies are unique to Feenix.

8.      Your knowledge Concerning the products or services offered by Feenix.

9.      Your knowledge Concerning the products or services offered by SCM.

10.     Your knowledge Concerning Feenix's competitors, including those that offer the same or similar products or services.

11.     Your knowledge of the claims and defenses in the Action.

28454360.1

## SCHEULE B TO SUBPOENA
### *AD TESTIFICANDUM* AND *DUCES TECUM*

## DEFINITIONS

1.      The "Action" means the litigation pending in the United States District Court for the District of Delaware, captioned *Feenix Payment Systems, LLC, et al. v. Steel Capital Management, LLC, et al.*, 2020-01519-MAK (D. Del.).

2.      "Feenix" means Feenix Payment Systems, LLC, Feenix Venture Partners, LLC, and any agents, attorneys, representatives, and all other persons acting on its behalf.

3.      "Lee" means Keith Lee and any agents, attorneys, representatives, and all other persons acting on his behalf.

4.      "SCM" means Steel Capital Management, LLC, Steel Payments, LLC and its employees, members, managers, representatives, and all other persons acting on its behalf, including Michael Hoffman and Marc Sehgal.

5.      "You," or "Your," or "Hill Country" means Hill Country Hospitality, LLC including its representatives, partners, employees, officers, agents, shareholders, affiliates, subsidiaries, related entities, or anyone else acting on its or their behalf.

6.      The "Subpoena" means and refers to the Subpoena *Ad Testificandum* and *Duces Tecum* served on Hill Country in connection with this action dated August 6, 2021.

7.      "Concerning" means referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing or constituting.

28454360.1

-5-

8.      "Communications" includes written documents, oral conversations, conversations by telephone, electronic communications (including e-mail), meetings and any other exchange of information in any form.

9.      "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the requested documents or electronically stored information, whether preliminary, proposed, or final versions, including without limitation books, papers, writings, drawings, graphs, charts, photographs, sound recordings, images, electronic documents, e-mail, and other data or data compilations from which information can be obtained, either directly or, if necessary, after conversion by the responding party into a reasonably useful form. The term "electronically stored information" shall be afforded the broadest possible definition and shall include (by way of example and not as an exclusive list) any information stored electronically, magnetically or optically, including (by way of example and not as an exclusive list): (i) digital communications (e.g., e-mail, voicemail, instant messaging); (ii) word processed documents; (iii) spreadsheets and tables; (iv) accounting application data; (v) image and facsimile files (e.g., .pdf, .tiff, .jpg, .gif images); (vi) sound recording (e.g., .wav and .mp3 flies); (vii) video and animation (e.g., .avi and .mov files); (viii) databases; (ix) contact and relationship management data; and (x) calendar and diary application data.

10.     The singular includes the plural and vice versa; the word "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; "he" or any other masculine pronoun includes any individual regardless of gender.

11.     "Person" means any individual, corporation, unincorporated association, partnership, lending institution, bank, joint venture, or any other entity, or any government authority, department, or agency.

12.     "Requests" shall mean the Requests for Documents identified in Schedule B to this Subpoena *Duces Tecum*.

13.     The time period of the Requests, unless otherwise noted, is January 1, 2017 to the present.

## INSTRUCTIONS

1.      Each Request shall be inclusive, rather than exclusive.  Accordingly, the words "and," as well as "or" shall be construed disjunctively or conjunctively as necessary, in order to bring within the scope of these Requests all information that might otherwise be construed to be outside their scope.  Including shall be construed to mean without any limitation.  The word "all" includes any and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense.  The singular shall be deemed to include the plural and vice versa.

2.      A Request for a document shall be deemed to include a request for any non-identical copies or drafts of such documents, as well as all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.

3.      The documents sought in these requests are to be produced either as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the request; in either case, the documents are to be produced with corresponding electronically stored information, including all available metadata fields.

28454360.1

4.      Document production should be made in the form of both native files for each document as well as single page tiffs and corresponding load files compatible with standard electronic document review platforms.

5.      Each document produced pursuant to these requests shall be produced in a manner that clearly identifies the source, location, and/or origin of said document.

6.      Each request seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document, including, but not limited to, all attachments, actual proposed contemplated envelopes, transmittal sheets, "post it notes," notes, cover letters, exhibits, and enclosures.

7.      Where a document has text or other markings of any kind on its reverse, both sides of the document are to be produced.

8.      Documents that have markings in any color other than black or grayscale are to be produced in full color.

9.      Each Request shall be construed according to its own terms, subject to these Definitions and Instructions.  Although some of the Requests may overlap with others, no Request should be read as limiting any other.

10.      When a document is responsive to more than one specific request, only one identical copy of the document need be produced.

11.      If it is not possible to produce any document called for by this Request, or if any part of this Request is objected to, the reasons for the failure to produce the documents or the objection should be stated specifically as to all grounds.

12.     If a document responsive to any request is no longer in your possession, custody or control, state what disposition was made of the document and the date of such disposition, and identify all persons having knowledge of the document's contents.

13.     If any document responsive to any requests has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who destroyed the document or ordered or authorized such destruction.

14.     If any document responsive to any of these Requests is claimed to be privileged, or if any of these Requests are otherwise objected to, then the basis for the claim of privilege or objection shall be stated, and if privilege is claimed or objection made to part of a Request, the party shall be specified, the grounds for the objection or claim of privilege shall be identified, and the remaining responsive documents shall be provided.

15.     If you claim any form or privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requests documents, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information: Date; length; sender; recipient and persons to whom copies were furnished, together with their job titles; subject matter; basis on which the document is withheld; and the paragraph of the requests to which such document(s) responds.

16.     You are instructed to produce Documents in response to the Requests within fourteen days of service of this Subpoena *Duces Tecum*, or by August 20, 2021.

## REQUESTS FOR DOCUMENTS

1.     All Documents and Communications between You and Feenix and/or Lee regarding SCM and/or Michael Hoffman or Marc Sehgal from January 1, 2019 to present.

2.     All Documents and Communications Concerning Your knowledge of Feenix's business practices, including its business model and strategy, its structuring of its business and contracts, its strategy in employing financing terms with its portfolio companies, its marketing materials, its return, risk-tracking, performance tracking and pricing models, its customer base and portfolio companies, its payment processing services, and its growth capital investment strategy.

3.     All Documents and Communications Concerning Your access and use of confidential information in connection with any contemplated or actual transaction, loan, investment, or agreement to provide payment processing services between You, on the one hand, and Feenix, on the other.

4.     All Documents and Communications Concerning Feenix's identification or delivery of information or materials as confidential, proprietary or trade secrets in connection with any contemplated or actual transaction, loan, investment, or agreement to provide payment processing services between You, on the one hand, and Feenix, on the other.

5.     All Documents and Communications Concerning any restrictions imposed on You by Feenix Concerning Your ability to use Feenix's confidential information or any applicable agreement(s) between You and Feenix, regarding your use, non-disclosure, access, or dissemination of Feenix's confidential information.

6.     All Documents and Communications Concerning any efforts undertaken by Feenix to prevent You from disclosing any information You received from Feenix

Concerning, including, but not limited to, any written agreement(s) between You and Feenix, in connection with any contemplated or actual transaction, investment, or agreement to provide payment processing services between You, on the one hand, and Feenix, on the other.

7.     All Documents and Communications Concerning Your knowledge of the methodologies employed by Feenix in determining whether to provide a loan, investment or agreement to provide payment processing services, including Feenix's underwriting strategy, portfolio company valuation, deal return modeling, risk monitoring, and whether these methodologies are unique to Feenix.

8.     All Documents and Communications Your knowledge Concerning the products or services offered by Feenix, including Documents indicating that such information regarding products or services is confidential, proprietary or a trade secret.

9.     All Documents and Communications Concerning Feenix's competitors, including those that offer the same or similar products or services.

10.     All Documents and Communications Concerning Your knowledge Concerning the products or services offered by SCM.

11.     All Documents and Communications Concerning Your knowledge of the claims and defenses in the Action.