IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEENIX PAYMENT SYSTEMS, LLC<br>and FEENIX VENTURE PARTNERS, LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>STEEL CAPITAL MANAGEMENT, LLC,<br>STEEL PAYMENTS, LLC, MICHAEL<br>HOFFMAN, and MARC SEHGAL,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 20-1519-MAK<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Pending before the Court are cross-motions to compel, referred to me as a Special Master by Order entered by Judge Kearney on August 3, 2021. (D.I. 132) Because the motions and the responses thereto were not particularly helpful guides to extracting these parties from their discovery morass,[1] I conferred with counsel via Zoom on August 16, 2021. Based upon our conversation, the parties followed up with more concise descriptions of what they were seeking and the alleged deficiencies of production. The following analysis addresses these more salient issues.

**Plaintiffs' Motion to Compel** (D.I. 119)

Plaintiffs Feenix Payment Systems, LLC and Feenix Venture Partners, LLC (collectively "Plaintiffs" or "Feenix") are seeking documents concerning "the creation, formation, development, and operation of Steel Capital." (Plaintiffs letter brief of August 18, 2021 at 1)

---

[1] The parties' motions did little more than applaud their own discovery efforts and criticize those of their opponents.

1

According to Defendants Steel Capital Management, LLC, Steel Payments, LLC (collectively "Steel Capital"), Michael Hoffman, and Marc Sehgal ("collectively "Defendants"), "the only disputed category of documents are those related to the creation of the Steel Capital entities, or what has been characterized as Steel Capital's "'origin story.'" (Defendants' letter brief of August 19, 2021 at 1)  I take this to mean that Defendants have already produced all documents pertaining to the formation, development and operation of Steel Capital, while still disputing (as they have since the outset) the relevance of the creation or "origin" of these business entities.

After the August 16, 2021 conference, I ordered Plaintiffs to provide their reasoning for requesting this category of documents.  In response, Plaintiffs argue, *inter alia*, that documents relating to the creation of Steel Capital is relevant to their claim for breach of Section 15.5(c) of the Operating Agreement, which states that a Restricted Party[2] may not "directly or indirectly . . . employ or engage or recruit or solicit for employment or engagement any Person … who was employed or engaged by any of the Companies within six months of such contact" for the duration of the Agreement and for eighteen months following the date that a Restricted Party is no longer a Holder, Member, or Manager.  (D.I. 79, n.4)  Judge Kearney, in denying Defendants' motion for judgment on the pleadings, characterized this language as "broadly prohibit[ing] a Restricted Party from soliciting any other Restricted Party – or any other individual who worked for Feenix in some capacity but is not a Restricted Party – and applies to Mr. Sehgal's solicitation of Mr. Hoffman." (*Id.*)  Judge Kearney also acknowledged that allowing Messrs. Sehgal and Hoffman to compete against Feenix reasonably went hand-in-hand with those provisions found in the Operating Agreement that prohibit the disclosure of confidential information, including trade secrets.  (*Id.* at n.2)

---

[2] No one disputes that Defendants Hoffman and Sehgal each qualify as a "Restricted Party."

2

Defendants in their response to Plaintiffs' letter brief seem to argue that, because Judge Kearney "merely 'conclude[d that] Feenix *plausibly allege[d]* a breach of Section 15.5(c),'" his reasoning is of no import to this discovery dispute. (Defendants' letter brief dated August 19, 2021 at 1) I disagree. The metes and bounds of "relevancy" are determined by the pleadings, not by the merits of the issues as maintained by the parties. As recognized by Defendants, the claimed breach of Section 15.5(c) of the Operating Agreement "turns on whether Section 15.5(c) applied to Hoffman and Sehgal as Members and, even if so, whether Feenix can prove any damages. . . . " (*Id.* at 2) With Judge Kearney having found that the pleadings plausibly allege that Section 15.5(c) does apply to the individual Defendants, and absent an interim ruling on the merits, the relevancy of Plaintiffs' document requests has been satisfied. The remainder of Plaintiffs' arguments as to relevancy are not inconsistent with this analytical framework.

In sum, with both allegations of improper solicitation and use of confidential information in play, IT IS ORDERED that:

1. Plaintiffs' motion to compel (D.I. 119) is granted.

2. On or before **September 2, 2021,** Defendants shall produce those non-privileged documents relating to the "creation" of Steel Capital, including internal communications.

**Defendants' Motion to Compel** (D.I. 120)

Defendants argues in their motion to compel that Plaintiffs have failed to make a substantial or fulsome production, or even to make their discovery protocol available to Defendants for their review. After the August 16, 2021 conference, I ordered Plaintiffs to describe the search protocol it has followed to date. Plaintiffs did so, but also conceded that they are still (weeks after the initial July 7 substantial completion deadline) "reviewing and producing documents" and have not even employed certain search terms proposed by Defendants in June

because "these search terms hit on over two thirds (311,605 out of 457,758) of the collected documents." (Plaintiffs' August 17, 2021 letter brief, at 1)

With the discovery deadline fast approaching, I agree with Defendants that Plaintiffs have unduly delayed their production, using their disputes (never presented coherently) over a search protocol as a delay tactic rather than using the search protocol as a tool for expediting discovery. I further agree with Defendants that Plaintiffs have a primary obligation "to conduct a reasonably diligent search and to produce relevant, responsive documents in a timely manner …, irrespective of ongoing debates regarding search terms." (Defendants' August 18, 2021 letter submission at 2)

Given that Plaintiffs have agreed to produce documents in response to all of Defendants' document requests but admittedly have failed to do so, IT IS ORDRED that:

1. Defendants' motion to compel (D.I. 120) is granted.

2. With respect to Plaintiffs' obligation to conduct a reasonably diligent search, on before **September 2, 2021,** Plaintiffs shall produce documents responsive to Defendants' document requests, including but not limited to those documents omitted from its production to date: (i) documents reflecting each instance Plaintiffs shared their purported trade secret information with third parties (RFP 4); (ii) confidentiality agreements between Plaintiffs and any third party that received Plaintiffs' purported trade secret information (RFP 50-51); (iii) documents and communications reflecting all investments or potential investments lost due to competition by Defendants (RFP 44-45); (iv) documents regarding the separation of Members (RFP 56-59); (v) documents relating to the Operating Agreement (RFP 28); and (vi) communications between Defendants and any third party regarding Defendants' post-separation from Plaintiffs (RFP 35). This

production shall be accompanied by a description of what efforts Plaintiffs undertook to identify the foregoing.

3. With respect to Plaintiffs' ongoing disputes over search terms:

    a. On or before **August 26, 2021,** Plaintiffs shall provide hit reports reflecting (i) the results of Defendants' proposed search protocol attached to Defendants' August 18, 2021 letter brief as Exhibit B, and (ii) any good-faith revisions to such protocol proposed by Plaintiffs.

    b. Should Plaintiffs contend that Defendants' proposed search terms be narrowed, Plaintiffs shall arrange a meet and confer with Defendants (with me in attendance, meaning it must be transcribed) by **August 27, 2021.** If Plaintiffs argue undue burden in this regard, Plaintiffs must identify a statistically sound sample of 10% of documents resulting from any opposed search terms or source so the parties and I can determine how, if at all, to refine the protocol.

    c. Within five days of an agreed-upon protocol (or a protocol ordered by me), Plaintiffs shall certify that it has substantially completed its production.

**Consistent with Judge Kearney's August 3, 2021 order, the parties may file short objections to these recommendations within 24 hours of filing.**

        Respectfully submitted:

        /s/  Sue L. Robinson

        Sue L. Robinson, serving as Special Master