IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FEENIX PAYMENT SYSTEMS, LLC,** *et al* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 20-1519** |
| | : | |
| **STEEL CAPITAL MANAGEMENT, LLC,** *et al* | : | |

# ORDER

**AND NOW**, this 26th day of August 2021, upon our careful and independent review of Special Master Judge Robinson's comprehensive Report and Recommendation (ECF Doc. No. 147), Plaintiffs' Objections (ECF Doc. Nos. 148, 149), Defendants' Opposition to Objections (ECF Doc. No. 150), and for good cause, it is **ORDERED**:

1. We **ADOPT** and **APPROVE** Judge Robinson's Report and Recommendation (ECF Doc. No. 147) in its entirety;

2. We **OVERRULE** Plaintiffs' Objections (ECF Doc. Nos. 148, 149) without prejudice to seek reconsideration from Judge Robinson as to further discovery as Plaintiffs' Objections seemingly focus on their belief Judge Robinson misheard or misinterpreted the nature of their discovery requests despite extensive memoranda and oral argument;

3. We **GRANT** Plaintiffs' Motion to compel (ECF Doc. No. 119) requiring on or before **September 2, 2021**, Defendants shall produce those non-privileged documents relating to the "creation" of Steel Capital, including internal communications; and,

4. We **GRANT** Defendants' Motion to compel (ECF Doc. No. 120) requiring:

    a. on before **September 2, 2021,** Plaintiffs shall produce documents responsive to Defendants' document requests, including but not limited to those documents

omitted from its production to date: (i) documents reflecting each instance Plaintiffs shared their purported trade secret information with third parties (RFP 4); (ii) confidentiality agreements between Plaintiffs and any third party that received Plaintiffs' purported trade secret information (RFP 50-51); (iii) documents and communications reflecting all investments or potential investments lost due to competition by Defendants (RFP 44-45); (iv) documents regarding the separation of Members (RFP 56-59); (v) documents relating to the Operating Agreement (RFP 28); and (vi) communications between Defendants and any third party regarding Defendants' post-separation from Plaintiffs (RFP 35). This production shall be accompanied by a description of what efforts Plaintiffs undertook to identify the foregoing;

   b. On or before **August 30, 2021,** Plaintiffs shall provide hit reports reflecting (i) the results of Defendants' proposed search protocol attached to Defendants' August 18, 2021 letter brief as Exhibit B, and (ii) any good-faith revisions to such protocol proposed by Plaintiffs;

   c. Should Plaintiffs contend that Defendants' proposed search terms be narrowed, Plaintiffs shall arrange a transcribed meet and confer with Defendants and Judge Robinson by **August 31, 2021.** If Plaintiffs argue undue burden in this regard, Plaintiffs must identify a statistically sound sample of ten percent of documents resulting from opposed search terms or source so Judge Robinson can determine how, if at all, to refine the protocol; and,

   d. Within five days of an agreed-upon protocol (or a protocol ordered by Judge Robinson), Plaintiffs shall certify they substantially completed the production.

                _____
                **KEARNEY, J.**