IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEENIX PAYMENT SYSTEMS, LLC and FEENIX VENTURE PARTNERS, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 20-1519-MAK ) |
| STEEL CAPITAL MANAGEMENT, LLC, STEEL PAYMENTS, LLC, MICHAEL HOFFMAN, and MARC SEHGAL, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Pursuant to Judge Kearney's Order of August 26, 2021, Plaintiffs' Motion to Compel (D.I. 119) was granted. Consistent with my recommendation, Defendants have been ordered by Judge Kearney to "produce those non-privileged documents relating to the 'creation' of Steel Capital, including internal communications" on or before September 2, 2021. (D.I. 151) Judge Kearney's Order, however, allowed Plaintiffs to seek reconsideration of the purported limits to the discovery imposed in my initial recommendation, which Plaintiffs have now done. In their request for reconsideration and other submissions (emails dated August 26 and 27, 2021, as well as D.I. 148, their objections to my recommendation), Plaintiffs again seek all documents concerning the creation, formation, development, and operation of Steel Capital, complaining that Defendants have not yet complied with the requests for production because of a self-imposed limitation. As described by Plaintiffs, Defendants have produced only those documents "that expressly refer to Feenix," with very few emails and no text messages from 2020 and 2021

regarding "the formation and launch of Steel Capital, Steel Capital's business plan, product development goals and timeliness, market strategy, market analysis, organizational structure, and portfolio-company investments." (D.I. 148 at 1-2)

Defendants' response is that they have complied with the documents requests, and intend to comply with the latest order issued by Judge Kearney. I do not have the means or authority to test the bases for Defendants' assertion, but I will grant Plaintiffs' request for reconsideration to the limited extent of **clarifying** my previous recommendation. Defendants thus far have assumed the mantle of defining the limits of relevancy based upon their view of the dispute. They, for instance, disputed from the outset the relevance of those documents relating to the creation of Steel Capital, an argument which they lost by virtue of Judge Kearney's August 26th Order. In response to Plaintiffs' latest missives, Defendants are still establishing their own metes and bounds of relevancy. Without explicitly addressing the accusation that they have limited their production to only those documents which reference Feenix, Defendants argue that "this case is about the Steel Parties' alleged misuse of the purported trade secrets" and, therefore, they have "searched for documents and communications regarding such misuse, *independent* of any reference to Feenix." (August 27, 2021 email)

Of course, the category of documents at issue are those which relate to the creation and formation of Steel Capital,[1] not just those documents regarding the alleged misuse of trade secrets. To avoid any misunderstanding, therefore, Defendants are obligated to timely produce those non-privileged documents relating to the creation and formation of Steel Capital (including

---

[1] As Defendants noted in their August 27, 2021 email response to Plaintiffs' request for reconsideration, it is not clear what distinction should be made between "formation" documents and "creation" documents. I agree, and include such verbiage to help put an end to this area of dispute.

internal communications), whether or not such documents relate to trade secrets and whether or not they reference Feenix.

As to Plaintiffs' request to broaden the scope of the ordered discovery, I agree that the focus of Plaintiffs' Motion to Compel was on the absence of documents relating to the creation and formation of Steel Capital.[2] I see no reason to expand that focus at this stage of the proceedings, given the record as it has developed. In this regard, therefore, Plaintiffs' request for reconsideration is denied.

In sum, IT IS ORDERED this 30th day of August, 2021, that Plaintiffs' request for reconsideration is granted to the extent of the clarification set forth above, but is otherwise denied. **Consistent with Judge Kearney's August 3, 2021 Order, the parties have 24 hours from filing to submit short objections to this recommendation.**

Respectfully submitted,

/s/ Sue L. Robinson

Sue L. Robinson, serving as Special Master

---

[2] In their Motion to Compel, Plaintiffs asserted that the requests for production "were intended to uncover matters at the heart of this action – whether Defendants improperly used Feenix's confidential information (including any of Feenix's trade secrets) in forming their competing business, Steel Capital, and whether Mr. Sehgal and Mr. Hoffman solicited or engaged one another to form Steel Capital in contravention of their contractual obligations." (D.I. 119 at 2)