# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEENIX PAYMENT SYSTEMS, LLC and FEENIX VENTURE PARTNERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STEEL CAPITAL MANAGEMENT, LLC, STEEL PAYMENTS, LLC, MICHAEL HOFFMAN, and MARC SEHGAL, <br><br> Defendants. | No. 2020-1519-MAK |

## DEFENDANTS' THIRD MOTION TO COMPEL AND MOTION FOR DISCOVERY SANCTIONS

OF COUNSEL:

Ryan M. Philp (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
(212) 918 3000
ryan.philp@hoganlovells.com

Samuel W. Yergin (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610 6100
samuel.yergin@hoganlovells.com

Dated: September 22, 2021

Ryan P. Newell (#4744)
Peter J. Artese (#6531)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571 6600
rnewell@ycst.com
partese@ycst.com

*Attorneys for Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal*

The Steel Parties'[1] prior motions to compel[2] were necessitated by what the Court and Your Honor recognized to be Feenix's[3] "gamesmanship."[4] Yet, even after these issues were brought to the Court's attention, the record establishes that Feenix's gamesmanship persisted for months and remains unresolved. And, in fact, the record establishes that Feenix's discovery tactics amount to far more than gamesmanship. The record demonstrates clear discovery misconduct and discovery order violations requiring an award of sanctions and further relief in the interest of justice.[5]

After months of misdirection and obfuscation, the extent of Feenix's discovery misconduct was revealed – in large part, but likely not in its totality – during the transcribed meet-and-confer compelled to take place before Your Honor as the parties' Special Discovery Master.[6] The meet-and-confer revealed, among other things, that Feenix's production remains woefully incomplete, and that it had conscientiously failed to meet deadlines, contrary to its representations to the Court, but also that its discovery process indelibly has been marred by "virtually[] no oversight by the lawyers involved."[7] Indeed, Your Honor has "never witnessed a document production that has been so off hands by the lawyers" and void of any "professional IT" involvement.[8]

While Feenix's process has given the Court no confidence that Feenix will suddenly begin complying with its discovery obligations,[9] the Steel Parties' problems loom much larger than merely lack of confidence that there will now be transparency and full compliance. The Steel

---

[1] The "Steel Parties" or "Defendants" are defined as Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal.
[2] D.I. 103 and 120.
[3] "Feenix" or "Plaintiffs" are defined as Plaintiffs Feenix Payment Systems, LLC and Feenix Venture Partners, LLC.
[4] D.I. 124.
[5] *See* D.I. 147, 151.
[6] D.I. 147, 151.
[7] Ex. 4 at 27:7-17.
[8] *Id.* at 28:24-29:7.
[9] *Id.* at 26:20-27:17.

1

Parties need the discovery that this Court has ordered and, in fact, needed it months ago, in accordance with deadlines.  To mitigate the immense prejudice facing the Steel Parties with a looming November 12 discovery cut-off and January trial, sanctions must be substantial—lest Feenix be rewarded for its misconduct—or other substantial relief must be granted to permit the Steel Parties' adequate time to obtain Feenix's full compliance, and to investigate potential spoliation, such that the Steel Parties are not materially prejudiced.

## BACKGROUND

Even in summary fashion, the record speaks volumes:

***June 9, 2021:***   In a joint status report filed in this action, Feenix proposed a substantial completion deadline of July 7, 2021, and the Steel Parties agreed.[10]  At a June 11, 2021 scheduling conference, the parties represented to Judge Kearney that document production would be substantially completed by July 7, 2021, resulting in a scheduling order setting trial for January 10, 2022 and the close of *all* discovery on November 12, 2021.[11]

***July 2, 2021:***   In response to the Steel Parties affirming that they would be substantially complete by July 7, 2021, Feenix confirmed as well.[12]

***July 7, 2021 (the substantial completion deadline):***  The Steel Parties substantially completed their production.[13]  As would later be revealed, Feenix, on the other hand, had yet to collect documents from its primary sources of documents (its email server and shared drive).[14]

***July 16, 2021 (9 days after the substantial completion deadline):***  Feenix finally responded to the Steel Parties' proposal from June 18, 2021 that Feenix collect and produce documents from 20 document custodians.  After initially only proposing ***one*** custodian (Mr. Lee), Feenix agreed to the 20 document custodians.[15]

---

[10] D.I. 89.  On March 26, 2021, the undersigned counsel appeared for the Steel Parties.  No documents had been produced to date, despite a scheduling order setting substantial completion for April 28, 2021.
[11] D.I. 91 at ¶¶ 6, 20.
[12] Ex. 1.
[13] Ex. 3 at 1.
[14] Exs. 5, 7-8; Ex. 4 at 40:3-18.
[15] Ex. 3 at 3.

*July 20, 2021 (13 days after the substantial completion deadline):* Despite deriding the Steel Parties for not producing *enough* text messages in Court filings,[16] we recently learned Feenix for the first time *collected* approximately 65,000 mobile phone documents.[17] Yet, it did so only for Mr. Lee and refused to do so for any other document custodians (even though they had admitted to texting regarding potentially responsive issues) – and, to date, still has not produced a single text message, even from Mr. Lee's files.[18]

*July 27, 2021 (20 days after the substantial completion deadline):* Feenix acknowledged that it had only produced documents from one custodian (Mr. Lee), but had not produced his mobile files.[19] Further, Feenix admitted to having tens if not hundreds of thousands of unreviewed documents.[20]

*August 12, 2021 (36 days after the substantial completion deadline):* Feenix—for the first time—admitted that it had not been using the search terms *Feenix* itself proposed on June 16, 2021.[21]

*August 24, 2021 (48 days after the substantial completion deadline):* Due to its "gamesmanship," Feenix was ordered to produce by September 2, 2021, independent of search terms, documents responsive to *all* of the Steel Parties' requests for production.[22] Separately, Feenix was ordered to search for documents using an August 18, 2021 search protocol proposed by the Steel Parties, which required, *inter alia*, the collection of business and personal files from the agreed-upon 20 document custodians and an independent effort from counsel to identify potentially responsive sources of documents from each custodian.[23]

*September 4, 2021 (59 days after the substantial completion deadline):* Feenix produces approximately 71,000 documents pursuant to the August 26, 2021 order.[24] In contravention of the Court's order, Feenix only relied upon search terms for this production.[25]

---

[16] D.I. 119.
[17] Ex. 2 at 9:19-13:12.
[18] *Id.*
[19] Ex. 2.
[20] *Id.*
[21] Ex. 3.
[22] D.I. 147, 151.
[23] D.I. 147, 151; Ex. 3.
[24] During the September 8, 2021 meet and confer, Feenix admitted that it had produced approximately 71,000 documents after a review of approximately 80,000 documents—which calls into question how closely the documents were reviewed, a notion corroborated by the numerous privilege documents that were produced (and ultimately deleted by the Steel Parties). Ex. 4 at 70:7-71:8; Ex. 6 at 9:11-14.
[25] Ex. 4 at 4:6-13.

3

***September 8, 2021 (63 days after the substantial completion deadline):*** During the first meet-and-confer before Your Honor, Feenix for the first time admitted numerous of the deficiencies herein, including that (1) Feenix's counsel had spoken to only 2 of its 20 custodians; (2) Feenix's custodians self-identified and self-collected potentially responsive documents; (3) Feenix's custodians were allegedly instructed regarding preservation and collection by Mr. Lee and/or Mr. Betts, not Feenix's counsel; (4) no appropriate litigation hold ever has been put in place; (5) Feenix did not even begin to collect the vast majority of its responsive documents until the substantial completion deadline, and thus could not have met the deadline; (6) Feenix has not attempted to identify whether all responsive documents have been produced and has instead only relied upon search terms; (7) Feenix had still not even reviewed a single text message, much less produced them; and (8) Feenix has disavowed any obligation to collect from 13 of the 20 agreed-upon custodians, including current members and those they state are co-inventors of Feenix's trade secrets.[26]

The prejudice resulting from Feenix's continued "gamesmanship"[27] is manifest.[28]

## ARGUMENT

Feenix's conduct to date indisputably justifies sanctions. As an initial matter, Feenix's acknowledged failure to comply with the Court's August 26, 2021 discovery order must result in the issuance of monetary sanctions, at a minimum, and the record supports an award in accordance with the full breadth of F.R.C.P. 37(b)(2)(c).[29] Feenix should be required to pay all of the Steel Parties' reasonable expenses and attorneys' fees in connection with each of the motions to compel.

---

[26] S*ee, e.g.*, Ex. 4 at 9:5-13:12, 30:13-31:22, 38:5-10, 43:6, 46:10-47:13, 47:24-48:2, 72:2-74:21; Ex. 8.

[27] D.I. 124, 147.

[28] The Steel Parties have just 51 days to (1) finish the review of Feenix's document production, which Feenix has acknowledged will not be complete for weeks, Exs. 5, 8 (2) conduct party and third party depositions, and (3) conduct expert discovery. (Because Feenix has failed to produce documents, the Steel Parties have served ten subpoenas seeking documents and testimony. Even then, the close of discovery brings no relief.) Summary judgment and *Daubert* motions are due six days later. The latter portion of December will entail pre-trial motions and preparation, followed by trial on January 10, 2021. D.I. 91 at ¶¶ 6-20.

[29] F.R.C.P. 37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ."). Feenix's failure to produce responsive documents to each of the requests for production on

4

But monetary sanctions do not go nearly far enough against the backdrop of the schedule, and are particularly hollow given Feenix's advancement obligations. Absent a substantial extension of the deadlines to permit, among other things, a forensic examination with respect to spoliation, Feenix's much-delayed completion of its production, and the Steel Parties' review of the reams of improperly withheld (if not destroyed) information, it is clear that additional discretionary, impactful sanctions are needed.[30]

As a result of breaching a discovery order, and failing to preserve, collect, and timely produce documents and electronically stored information, among other things, the Court should presume that what Feenix has not produced will be unfavorable to Feenix's claims and defenses and order a corresponding jury instruction—*i.e.*, a jury instruction that Feenix has failed to preserve, collect and produce responsive documents and thus it can be inferred that Feenix has destroyed or hidden responsive documents harmful to its case.[31] If this relief is granted, in addition to monetary sanctions, this may ameliorate the prejudice to the Steel Parties such that the current

---

top of its failure to identify all potentially responsive sources of information is a clear violation of the Court's August 26, 2021 discovery order. Likewise, its decision to renege on the agreed-upon custodians and substantially deviate from the August 18, 2021 protocol (a tactic it failed to fully divulge until September 8, 2021) is a further breach. In actuality, all that Feenix did to comply was a hurried and haphazard review based solely on search terms for a few custodians that resulted in a document dump of approximately 71,000 documents.

[30] A multitude of sanctions are available pursuant to Rule 37. However, Rule 16(f) also makes the sanctions available under Rule 37(b)(2)(A) available for violations of the scheduling orders. Here, Feenix represented to the Court that it would be substantially complete by July 7, 2021, a deadline it undeniably missed. Likewise, under the Court's equitable powers, it has the ability to fashion an appropriate remedy, including sanctions. *AT&T Intellectual Property I, L.P. v. Cox Comm'ns., Inc.*, 2015 WL 4148239, at *1 n.2 (D. Del. July 9, 2015) ("Federal courts possess inherent equitable authority to sanction malfeasance.") (internal citations and quotations omitted); *Cartanza v. Cartanza*, 2013 WL 1615767, at *2 (Del. Ch. Apr. 16, 2013) ("[T]his Court has the power to issue sanctions for discovery abuses under its inherent equitable powers, as well as the Court's inherent power to manage its own affairs.") (internal quotations omitted).

[31] F.R.C.P. 37(b)(2)(A)(ii) and 37(e)(2)(A)-(B). Subject to the results of a forensic examination, the Steel Parties reserve the right to seek additional relief for the failure to preserve electronically stored information.

5

schedule remains feasible.  Absent such relief, however, the Steel Parties will be severely prejudiced in that insufficient time will be available to adequately explore Feenix's spoliation, ensure the completeness of Feenix's production, review the additional information to be produced (in addition to the 71,000 dump of documents) and conduct depositions with the benefit of such information before the impending November 12 discovery deadline (not to mention the October 25, 2021 expert report deadline, which likewise should be informed by Feenix's complete disclosure).

In the absence of such harsh sanctions, there is an alternative path that, by its nature, necessitates an adjustment to the schedule.  Namely, should the Court decline to issue such sanctions, it should stay further proceedings in this action, as expressly permitted by F.R.C.P. 37, until Feenix has complied with all of its discovery obligations or, at the very least, extend the deadlines under the existing schedule by several months.[32]

In addition, the following additional remedial measures should be ordered.  First, the Steel Parties motion to compel should be granted, and Feenix should be compelled to produce (1) documents from its current board members, including, at the very least, Charles Essex, who is a board member,[33] the other co-founder of Feenix[34] and identified as a co-creator of Feenix's alleged trade secrets[35] because outside directors are agents and subject to discovery[36] and (2) while Feenix has now committed to collecting from mobile devices for certain of its document custodians, it has

---

[32] F.R.C.P. 37(b)(2)(A)(iv).  While Judge Kearney has retained jurisdiction over scheduling issues, the Steel Parties consent to Your Honor's discretion with respect to the schedule subject to the approval of Judge Kearney.  Alternatively, the Steel Parties are willing to separately move before Judge Kearney with respect to the schedule.
[33] Ex. 5.
[34] D.I. 128.
[35] *Id.*
[36] *Arconic Inc. v. Novelis Inc.*, 2018 WL 4958976, at *3 (M.D. Pa. Oct. 15, 2018).

refused to attempt to identify responsive communications other than by search terms, including as to Mr. Lee's texts,[37] in contravention of his Court's August 26, 2021 order. Feenix thus should be required to independently search the text messages among its custodians during the relevant time period, as the Steel Parties did. This list presumes that Feenix meets its other newly-agreed commitments to address other deficiencies, many of which it indicates it will not complete until the end of September or cannot even estimate a date of completion.[38] Thus, all rights are reserved in that regard.

Second, given the acknowledged failure of counsel to implement a written litigation hold, to play a role in the identification and collection of responsible documents, and to assure that responsive documents have not been deleted, a forensic examination of Feenix's files must be ordered. Because "so much of the collection has been done through word of mouth and through the people at Feenix with, virtually, no oversight by the lawyers involved," a forensic examination is required to confirm that Feenix has complied with its obligations and nothing has been spoliated.[39] Indeed, in far less egregious circumstances, such examinations have been required.[40]

## CONCLUSION

WHEREFORE, for the foregoing reasons, Feenix's continued discovery violations and failure to comply with this Court's discovery order requires an order granting this motion to compel and for sanctions under Rule 37.

---

[37] Ex. 4 at 4:10-13.
[38] Ex. 5; 8.
[39] Ex. 6 at 27:7-17.
[40] *Smash Franchise P'rs LLC v. Kanda Holdings, Inc.*, 2020 WL 5645912 (Del. Ch. Sept. 18, 2020) (ordering forensic examination of *third party* custodian's document repositories where "counsel ha[d] not engaged in an adequate process of collecting the business records" and "permitted [the custodian] to search her own [files]").

7

| | | |
|---|---|---|
| DATED: | September 22, 2021 | Respectfully submitted, |

                                                                                                                    */s/ Ryan P. Newell*
Ryan P. Newell (#4744)
Peter J. Artese (#6531)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571 6600
rnewell@ycst.com
partese@ycst.com

OF COUNSEL:

Ryan M. Philp (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
(212) 918 3000
ryan.philp@hoganlovells.com

Samuel W. Yergin (*Pro Hac Vice*)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610 6100
samuel.yergin@hoganlovells.com

*Attorneys for Defendants Steel Capital Management, LLC, Steel Payments, LLC, Michael Hoffman, and Marc Sehgal*